UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 25-cv-1287-pp

v.

APPROXIMATELY $48,284.67 IN US CURRENCY
FROM BETTERMENT ACCOUNT NUMBER ENDING IN 6305,
APPROXIMATELY $8,835.90 IN US CURRENCY
FROM BETTERMENT ACCOUNT NUMBER ENDING IN 6446,
APPROXIMATELY $155.03 IN US CURRENCY
FROM BETTERMENT ACCOUNT NUMBER ENDING IN 6066,
APPROXIMATELY $1,271.51 IN US CURRENCY
FROM ASSOCIATED BANK ACCOUNT NUMBER ENDING IN 7685,
APPROXIMATELY $7,595.91 IN US CURRENCY
FROM ASSOCIATED BANK ACCOUNT NUMBER ENDING IN 1622,
APPROXIMATELY $6,169.39 IN US CURRENCY
FROM ALLY BANK ACCOUNT NUMBER ENDING IN 7285,
APPROXIMATELY $2,417.60 IN US CURRENCY
FROM ALLY BANK ACCOUNT NUMBER ENDING IN 6269,
APPROXIMATELY $13,664.27 IN US CURRENCY
FROM ALLY BANK ACCOUNT NUMBER ENDING IN 6258,
APPROXIMATELY $786.23 IN US CURRENCY
FROM ALLY BANK ACCOUNT NUMBER ENDING IN 3279,
APPROXIMATELY $171.83 IN US CURRENCY FROM
EDUCATORS CREDIT UNION ACCOUNT NUMBER ENDING IN 9038
and APPROXIMATELY $50,653.74 IN US CURRENCY FROM
EDUCATORS CREDIT UNION ACCOUNT NUMBER ENDING IN 1885,

Defendants.

---

**ORDER GRANTING GOVERNMENT'S MOTION FOR PARTIAL JUDGMENT OF DEFAULT AND FORFEITURE AS TO APPROXIMATELY $171.83 IN US CURRENCY FROM EDUCATORS CREDIT UNION ACCOUNT NUMBER ENDING IN 9038 AND APPROXIMATELY $50,653.74 IN US CURRENCY FROM EDUCATORS CREDIT UNION ACCOUNT NUMBER ENDING IN 1885 (DKT. NO. 26) AND SETTING DEADLINE FOR CLAIMANT BRANDI ELLIS TO FILE STATUS REPORT**

---

On August 26, 2025, the government filed a complaint for civil forfeiture *in rem* against eleven properties. Dkt. No. 1. On April 30, 2026, the government applied for entry of default against two of the properties and moved for default judgment. Dkt. No. 26. The clerk entered default the same day. Dkt. No. 28.

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

On March 7, 2025, authorities seized the two defendant properties at issue: (1) approximately $171.83 in United States currency from Educators Credit Union account number ending in 9038 (held in the name of Brandon Porter) and (2) approximately $50,653.74 in United States currency from Educators Credit Union account number ending in 1885 (held in the names of Brandon Porter and Kitchy Johnson). Dkt. No. 1 at ¶11.

Assistant United States Attorney Elizabeth Monfils filed a declaration of publication on March 30, 2026, stating that notice of civil forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days, beginning on February 26, 2026, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. No. 19 at 2. She also filed notices of the complaint for civil forfeiture of property and served them, along with the

verified complaint for civil forfeiture and the verification, on potential claimants Brandon Porter and Kitchy Johnson. Dkt. Nos. 11-17, 26 at ¶6. The thirty-five-day time limit for Porter and Johnson to file a claim expired on April 2, 2026. Dkt. No. 26 at ¶9.

As of the date of this order, no verified claims or answers have been filed as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions with respect to the following two defendant properties:

A. Approximately $171.83 in United States currency from Educators Credit Union account number ending in 9038, and

B. Approximately $50,653.74 in United States currency from Educators Credit Union account number ending in 1885.

The clerk properly entered default.

## II. Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under Federal Rule of Civil Procedure 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Such proceedings are unnecessary, however, if the

"amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

Among other things, the government alleges that the defendant properties are subject to forfeiture under 18 U.S.C. §§981(a)(1)(A) and 984 because the properties were involved in money laundering transactions in violation of 18 U.S.C. §1956. Dkt. No. 1 at ¶¶48, 51. The government has charged Brandon Porter and Kitchy Johnson in two related criminal cases, United States v. Brandon Porter, Case No. 26-cr-21-jps and United States v. Kitchy Johnson, Case No. 26-cr-22-la. Dkt. No. 24 at ¶¶9, 13. Porter pled guilty to a one-count information charging him with a violation of 18 U.S.C. §1956(h). Case No. 26-cr-21, Dkt. Nos. 2 at ¶5, 2-1, 10, 11. The information contained a forfeiture notice listing the defendant properties. Id., Dkt. No. 2-1 at 4. Porter has agreed to forfeit the two defendant properties. Id. at Dkt. Nos. 2, 2-1, 10, 11. Meanwhile, Kitchy Johnson also pled guilty to a one-count information charging her with a violation of 18 U.S.C. §1956(h). Johnson, Case No. 26-cr-22, Dkt. Nos. 2, 2-1, 11, 15. She similarly agreed to forfeit her interest in approximately $50,653.74 in United States currency from Educators Credit Union account number ending in 1885. Id. at Dkt. No. 2-1 at 4. The government has established that the two properties are subject to forfeiture under 18 U.S.C. §§981(a)(1)(A) and 984.

## III. Proceedings with Respect to Brandi Ellis

Claimant Brandi Ellis filed a verified claim as to the remaining nine defendant properties. Dkt. No. 21. The court granted Ellis's motion for an order staying the civil forfeiture proceedings under18 U.S.C. §982(g)(2) and ordered her to file a status report updating the court as to the status of United States v. Brandi A. Ellis, *et al.*, Case No. 26-CR-18-jdp. Dkt. No. 24. Ellis since has notified the court that the parties are waiting on a magistrate judge's report and recommendation in the criminal case and has requested an additional sixty to ninety days to file an updated status report. Dkt. No. 29.

## IV. Conclusion

The court **GRANTS** the government's motion for partial default judgment as to defendant properties approximately $171.83 in United States currency from Educators Credit Union account number ending in 9038, and approximately $50,653.74 in United States currency from Educators Credit Union account number ending in 1885. Dkt. No. 26.

The court **ORDERS** that the defendant properties are **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant properties shall exist in any other party.

The court **ORDERS** that the Internal Revenue Service or its duly authorized agent must dispose of the defendant properties according to law.

The court **ORDERS** that by the end of the day on **November 6, 2026**, claimant Ellis must file a report updating the court as to the status of the attendant criminal case as it relates to this forfeiture proceeding.

Dated in Milwaukee, Wisconsin this 6th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**